Szewczyk v. Saakian

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of July, two thousand nineteen.

PRESENT:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
                 *Circuit Judges.*
_____

DANUTA SZEWCZYK,

                 *Plaintiff-Appellant*,

          v.                                          18-1333-cv

TAMARA SAAKIAN, AUDREY BROWN-
BENNETT, CITY OF NEW YORK,

                 *Defendants-Appellees.*[1]
_____

**FOR PLAINTIFF-APPELLANT:**         Danuta Szewcyck, pro se, Elmwood Park,
                                      N.J.

**FOR DEFENDANTS-APPELLEES:**        Scott Schorr, Jonathan Popolow, Assistant
                                      Corporation Counsel, *for* Zachary W. Carter,
                                      Corporation Counsel of the City of New
                                      York, New York, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED and REMANDED** in part.

Appellant Danuta Szewczyk, pro se, appeals from a judgment entered by the United States District Court for the Eastern District of New York (Brodie, *J.*) dismissing her claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Motion to Dismiss

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). Title VII and ADEA claims are evaluated under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff sufficiently alleges a claim of discrimination where the complaint asserts facts supporting a minimal inference that the employer's adverse action was motivated by the alleged discrimination. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). Claims of national origin, religion, and age discrimination under the NYSHRL are analyzed under the same standards as Title VII and ADEA claims. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (Title VII); *Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 70 n.2 (2d Cir. 2004) (age).

In contrast to NYSHRL claims, claims under the NYCHRL must be analyzed separately from federal and state law discrimination claims. *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015). To state a claim under the NYCHRL, "the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Although the NYCHRL has a more liberal pleading standard than its federal or state counterparts, courts "must be mindful that the NYCHRL is a not a general civility code." *Id.* (internal quotation marks omitted).

### A.  Age and Sex

The district court erred by dismissing Szewczyk's NYSHRL and ADEA age discrimination claims. Szewczyk's complaint alleges that: she, the "older" applicant, was not selected to advance in the interview process; one of the applicants selected was a "young" male; Saakian asked her during her interview whether she would be comfortable working with younger supervisors; and

Saakian "discredited [Szewczyk] as 'old' and not liking to work with 'young.'" ROA, Dkt. No. 20, at 4. These allegations are sufficient to "give plausible support to a minimal inference of discriminatory motivation," *Littlejohn*, 795 F.3d at 311, which is all that is required at this stage.

We conclude that the district court also erred by dismissing Szewczyk's sex discrimination claims. Szewczyk alleged that two men were advanced to the next round of interviews, while she, the sole woman interviewed, was rejected. Szewczyk's allegation that two men were advanced over her was sufficient to give rise to an inference of sex discrimination under Title VII and the NYSHRL. *See Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015) ("The fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of the Title VII analysis, including at the pleading stage."). For the same reason, the district court should not have dismissed her NYCHRL claim. Accordingly, the district court erred by dismissing the sex discrimination claims and we vacate their dismissal.

### B. Race

Szewczyk also alleged racial discrimination based on her blue eyes. But Title VII, NYSHRL, and NYCHRL do not protect individuals from discrimination based on eye color. *See* 42 U.S.C. § 2000e-2(a)(1); N.Y. Exec. Law § 296(1)(a); N.Y.C. Admin. Code § 8-107. Her challenge to the dismissal of her race discrimination claims thus fails.

### II. Motion for Summary Judgment

We review orders granting summary judgment de novo. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). In response to a complaint that alleges facts supporting a minimal inference of discrimination, the employer must assert a legitimate, non-discriminatory reason for the adverse employment decision. *See Vega*, 801 F.3d at 83; *see also McDonnell Douglas*, 411 U.S. at 802. If the employer does so, the plaintiff must raise a disputed issue of material fact as to whether the employer's "proffered reason was not the true reason (or in any event not the sole reason) for the employment decision." *Littlejohn*, 795 F.3d at 307-08; *See also Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 255-56, 255 n.10 (1981). "[T]he employer will be entitled to summary judgment . . . unless plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) (citations omitted).

### A. National Origin and Religion (Title VII and NYSHRL)

We affirm the district court's grant of summary judgment to defendants on Szewczyk's disparate treatment claims based on her national origin and religion. Prior to the motion for summary judgment, Saakian asserted a legitimate, nondiscriminatory reason for advancing the other candidates in the interview process while declining to advance Szewczyk. Saakian stated that both candidates who were chosen to advance to the second round of interviews had better prior experience than Szewczyk, and that Lak, who was ultimately chosen, also had prior experience

working for another city agency doing roof inspections, a necessary part of the assistant engineer position. Szewczyk lacked this relevant experience; instead her recent experience included factory and laboratory settings, rather than roof inspections.

Once Saakian asserted this nondiscriminatory reason, Szewczyk was required to "point to evidence that reasonably supports a finding of prohibited discrimination" in order to avoid summary judgment. *James*, 233 F.3d at 154. Szewczyk failed to offer any evidence that would give rise to an inference of discrimination, let alone that the defendants' legitimate, non-discriminatory reason was pretextual. Szewczyk's claim that Saakian refused to hire her due to her Polish ancestry is based solely on her allegation that Saakian had a "Russian" accent and that she stated "You are from Poland" at the beginning of Szewczyk's interview. And the only evidence that Saakian discriminated against her based on her religion is her assertion that all Polish people are Roman Catholic and Saakian could have made an inference that she was Roman Catholic from her nationality.

Saakian's statement that Szewczyk was from Poland is not sufficient to create an inference of discrimination, as Saakian did not use any ethnically degrading term or make any invidious comments about Polish people. *See Littlejohn*, 795 F.3d at 312 ("An inference of discrimination can arise from circumstances including . . . criticism of the plaintiff's performance in ethnically degrading terms . . . [or] invidious comments about others in the employee's protected group[.]" (internal quotation marks omitted)). Szewczyk's claim that Saakian is from the former Soviet Union and therefore biased against her because of her Polish nationality is based solely on Saakian's accent and Szewczyk's ethnic stereotyping. Such speculation cannot be used to overcome summary judgment. *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ("The non-moving party may not rely on conclusory allegations or unsubstantiated speculation."). Similarly, Szewczyk offered no evidence that Saakian was aware of her religion and merely speculates that Saakian could have inferred it from her nationality. Further, the fact that both candidates had the relevant prior experience is a legitimate, non-discriminatory reason for advancing them in the interview process.

Szewczyk primarily argues that she was better qualified than Lak and Notghi. But given that Szewczyk had the same educational qualifications as Lak and lacked relevant work experience, she did not show that her credentials were "so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted), *superseded in part and on other grounds by* Fed. R. Civ. P. 37(e).

### B. National Origin and Religion (NYCHRL)

For the same reasons, the district court properly granted summary judgment to the defendants with respect to Szewczyk's NYCHRL national origin and religion discrimination claims. Defendant-Appellants offered a legitimate, non-discriminatory reason for advancing Lak and Notghi to the second round of interviews, and Szewczyk offered no evidence to show that this

4

reason was a pretext for discrimination. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (summary judgment for NYCHRL claims is appropriate if no reasonable jury could conclude that discrimination played a role in the defendant's actions).

### C. Age (NYCHRL)

We also affirm the district court's grant of summary judgment to defendants on Szewczyk's NYCHRL age discrimination claim. Saakian's question about how Szewczyk would feel about working with younger supervisors is not sufficient to overcome the defendants' legitimate, non-discriminatory reason for advancing Notghi over her. *See Danzer*, 151 F.3d at 56. A reasonable jury could not conclude that the defendants rejected Szewczyk's application for the engineering position because of her age. *See Ya-Chen Chen.*, 805 F.3d at 76.

We have reviewed the remainder of Szewczyk's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED** with respect to Szewczyk's NYSHRL and ADEA age discrimination claims and her Title VII, NYSHRL, and NYCHRL sex discrimination claims, and those claims are **REMANDED** for further proceedings. The judgment is **AFFIRMED** in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5